UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


TEDDY RAGAN                        ]
    Plaintiff,                 ]
                                   ]
v.                                 ]     No. 3:14-0693
                                   ]     Judge Sharp
DAVIDSON COUNTY SHERIFF'S          ]
OFFICE, et al.                     ]
    Defendants.                ]


**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Correct Care Solutions, the health care provider for inmates at the Criminal Justice Center, seeking damages.

    The plaintiff slipped and fell on a wet floor. He broke his hand in the fall. Plaintiff complains that there was no visible sign warning him of the wet floor. He also alleges that medical personnel at the Criminal Justice Center failed to provide him with treatment for his injury.

    To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against Davidson County upon which relief can be granted.

The plaintiff also seeks to impose liability upon Correct Care Solutions, the employer of the medical staff at the Criminal Justice Center. The plaintiff, however, can not sue a defendant solely because of its status as a supervisor or employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that Correct Care Solutions had knowledge of the plaintiff's alleged medical needs or participated, either directly or indirectly, in the decision to deny the plaintiff medical care. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against this defendant as well.

Because the plaintiff has failed to state an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge